UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JEFFREY BERNARD,

Plaintiff,

v.

YUP, *et al.*,

Defendants.

Case No. 3:25-CV-00673-ART-CLB

**ORDER**

This action began with a *pro se* civil rights complaint filed under 42 U.S.C. § 1983 by a state prisoner. Plaintiff has applied to proceed *in forma pauperis*. (ECF Nos. 1, 4.) Based on the financial information provided, the Court finds that Plaintiff is unable to prepay the full filing fee in this matter.

The Court entered a screening order on March 15, 2026. (ECF No. 5.) The screening order imposed a 90-day stay and the Court entered a subsequent order in which the parties were assigned to mediation by a court-appointed mediator. (ECF Nos. 5, 9, 11.) The parties did not settle at mediation. (ECF No. 12.) This case will proceed onto the normal litigation track.

For the foregoing reasons, **IT IS ORDERED** that:

1. Plaintiff's application to proceed *in forma pauperis*, (ECF Nos. 1, 4), is **GRANTED**. Plaintiff will not be required to pay an initial installment of the filing fee. Plaintiff is permitted to maintain this action to conclusion without needing to prepay any additional fees or costs or give security for them. In the event that this action is dismissed, the full filing fee must still be paid under 28 U.S.C. § 1915(b)(2).

2. Under 28 U.S.C. § 1915, the Nevada Department of Corrections will forward payments from the account of **Jeffrey Bernard, #1279701**, to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10) until the full $350 filing fee has been paid for this action. The Clerk of the Court will send a copy of this order to (a) the Finance Division of

the Clerk's Office and (b) the attention of **Chief of Inmate Services for the Nevada Department of Corrections** at formapauperis@doc.nv.gov.

3. The Clerk of the Court will electronically **SERVE** a copy of this order and a copy of Plaintiff's complaint, (ECF No. 6), on the Office of the Attorney General of the State of Nevada by adding the Attorney General of the State of Nevada to the docket sheet. This does not indicate acceptance of service.

4. Service must be perfected within 90 days from the date of this order under Federal Rule of Civil Procedure 4(m).

5. Subject to the findings of the screening order, (ECF No. 5), no later than August 12, 2026, the Attorney General's Office will file a notice advising the Court and Plaintiff of: (a) the names of the defendants for whom it accepts service; (b) the names of the defendants for whom it does not accept service, and (c) the names of the defendants for whom it is filing the last-known-address information under seal. As to any of the named defendants for whom the Attorney General's Office cannot accept service, the Office will file, under seal, but will not serve the inmate Plaintiff the last known address(es) of those defendant(s) for whom it has such information. If the last known address of the defendant(s) is a post office box, the Attorney General's Office will attempt to obtain and provide the last known physical address(es).

6. If service cannot be accepted for any of the named defendant(s), Plaintiff will file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for the defendant(s). For the defendant(s) as to which the Attorney General has not provided last-known-address information, Plaintiff will provide the full name and address for the defendant(s).

7. If the Attorney General accepts service of process for any named defendant(s), such defendant(s) will file and serve an answer or other response to the complaint (ECF No. 6) no later than September 21, 2026.

8. Plaintiff will serve upon defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document

submitted for consideration by the Court. If Plaintiff electronically files a document with the Court's electronic-filing system, no certificate of service is required. Fed. R. Civ. P. 5(d)(1)(B); Nev. Loc. R. IC 4-1(b); Nev. Loc. R. 5-1. But if Plaintiff mails the document to the Court, he will include with it a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants. If counsel has entered a notice of appearance, Plaintiff will direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein. The Court may disregard any document received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate showing proper service when required.

9. This case is no longer stayed.

**DATED**: July 22, 2026

UNITED STATES MAGISTRATE JUDGE